An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSHUA JAMES HANSEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65001

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of possession of a controlled substance. Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge.

First, appellant Joshua Hansen contends that the district court erred by concluding that NRS 453.580 requires participation in a diversion program certified by the Division of Public and Behavioral Health of the Department of Health and Human Services (Division). The district court interpreted NRS 453.580 to allow for (1) the establishment of a treatment program, or (2) the assignment of a person to a treatment program certified by the Division.[1] "Statutory construction is a question of law" that we review de novo. *Moore v. State*, 117 Nev. 659, 661, 27 P.3d

---

[1]NRS 453.580(1) reads, in pertinent part:

> A court may establish an appropriate treatment program to which it may assign a person pursuant to subsection 4 of NRS 453.336, NRS 453.3363 or 458.300, or it may assign such a person to an appropriate facility for the treatment of abuse of alcohol or drugs which is certified by the Division of Public and Behavioral Health of the Department.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23766

447, 449 (2001). When interpreting a statute, we "first look to the plain language of the statute." *Id.* "Statutes should be given their plain meaning and 'must be construed as a whole and not be read in a way that would render words or phrases superfluous or make a provision nugatory.'" *Mangarella v. State*, 117 Nev. 130, 133, 17 P.3d 989, 991 (quoting *Charlie Brown Constr. Co. v. Boulder City*, 106 Nev. 497, 502, 797 P.2d 946, 949 (1990), *overruled on other grounds by Calloway v. City of Reno*, 116 Nev. 250, 993 P.2d 1259 (2000)).

A plain reading of NRS 453.580 indicates that a district court has two options: it may establish an appropriate treatment program or it may assign a person to a facility certified by the Division. The district court concluded that it was unable to allow diversion through the State of Minnesota program in which Hansen had enrolled, as the district court did not establish the program and counsel for Hansen represented that the Division would not certify the out-of-state program. We conclude that the district court correctly interpreted the statute. We reject Hansen's argument that the district court could have adopted the Minnesota program, and therefore established the program pursuant to the first option.[2] As to Hansen's argument that the Minnesota program need not be certified by the Division because it is out-patient counseling and not a facility, the district court correctly concluded that it was unable to assign Hansen to the Minnesota program pursuant to NRS 453.580.

Next, Hansen argues that, if a person is required to participate in a diversion program certified by the Division, then NRS 453.580 violates the Equal Protection Clause of the Fourteenth

---

[2]The verb "establish" connotes "[t]o make or form" or "to bring about or into existence." *Black's Law Dictionary* 626 (9th ed. 2009).

Amendment to the United States Constitution and Article 1, Section 8 of the Nevada Constitution. We disagree.

"The Equal Protection Clause of the Fourteenth Amendment mandates that all persons similarly situated receive like treatment under the law." *Gaines v. State*, 116 Nev. 359, 371, 998 P.2d 166, 173 (2000). Hansen argues that a similarly situated defendant who chose a program accepted by the Division would have been granted diversion pursuant to NRS 453.580 and he was denied diversion because he did not enter a diversion program in Nevada. However, the options for diversion were the same for Hansen as for any other similarly situated defendant. Hansen was never denied these options; instead, it appears he was unwilling to pursue diversion in a Nevada program but wanted to participate in a program offered in another state. Hansen was never denied like treatment as others similarly situated. Therefore, we conclude that NRS 453.580 does not violate the Equal Protection Clause.

Having considered Hansen's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.


_____, J.
Pickering


_____ J.
Parraguirre


_____, J.
Saitta


cc:  Hon. Nancy L. Porter, District Judge
     Michael L. Shurtz
     Attorney General/Carson City
     Elko County District Attorney
     Elko County Clerk